Renée E. Rothauge, SBN 271239
ReneeRothauge@MHGM.com
Leslie A. O'Brien, OSB #112543
(admitted *pro hac vice*)
LeslieOBrien@MHGM.com
MARKOWITZ, HERBOLD, GLADE
& MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
Telephone: (503) 295-3085
Facsimile: (503) 323-9105

Attorneys for Defendant BOYD COFFEE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| POWER BUYING DEALERS WESTERN REGION, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOYD COFFEE COMPANY et al., <br><br> Defendants. | CASE NO. 2:12-cv-03492-SVW-JCGx <br><br> **DISCOVERY MATTER** <br><br> [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

THIS MATTER having come before the Court pursuant to the stipulation of the Parties, and the Court being fully advised, it is hereby ORDERED as follows:

1. PURPOSE AND LIMITATIONS

Discovery in this action is likely to involve production of highly sensitive personal, financial, or business information that has not been disseminated to the public at large, which is not readily discoverable by persons, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Unrestricted or

unprotected disclosure of such confidential information would result in prejudice or harm to the producing party be revealing the producing party's competitive confidential information. Additionally, privacy interests must be safeguarded. Accordingly, the parties have stipulated and petitioned this Court to enter this [Proposed] Stipulated Protective Order. This Order is not intended to be a blanket protective order protecting every document produced during discovery as discussed in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F3d 1122 (9th Cir 2003), but rather includes only the financial, marketing, sales, customer, planning, personal, commercial, and trade secret (as that term is defined in California Civil Code § 3426.1) information that the producing party in good faith believes falls within the definition of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Accordingly, this Order shall apply and govern all Disclosure or Discovery Material that a Designating Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as hereinafter furnished, directly or indirectly, in connection with this action. Specifically, the parties seek to protect from public disclosure information that would provide the parties' competitors with an unfair commercial advantage. This Order shall not govern a party's use of its own "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Disclosures or Discovery Material.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items, material, information, or things, including, but not limited to, depositions, documents, testimony, transcripts, oral or written communications, and electronically stored information, that are produced or generated by a Party or non-party in connection with this litigation in response, either directly or indirectly, to discovery requests or testimony taken pursuant to the Federal Rules of Civil Procedure or provided voluntarily by a party without a formal discovery request or question.

2.3    "CONFIDENTIAL" Information or Items: the portions or contents of any nonpublic or not readily available Disclosure or Discovery Material that a Party or non-party believes in good faith to be highly confidential or highly sensitive, including financial, marketing, sales, customer, planning, personal, commercial, and trade secret (as that term is defined in California Civil Code § 3426.1) information.

2.4    "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: the portions or contents of any nonpublic or not readily available Disclosure or Discovery Material that a <u>non-party</u> believes in good faith to be "CONFIDENTIAL" information that is particularly competitively sensitive.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material directly or indirectly from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.8  Protected Material: the portions or contents of any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order.

2.9  Counsel: attorneys and their support staff who are not employees or contractors of a Party but who are retained to represent or advise a Party in this action, whether or not counsel has made an appearance.

2.10  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. This definition does NOT include anyone on the payroll of a Party.

2.11  Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees, subcontractors, and translators.

2.12  Opposing Party: a Party that is opposite another party to this action; *e.g.*, plaintiff is Opposing Party to defendant.

3.  SCOPE

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus conversations, or presentations by Parties or Counsel in private, non-public settings that might contain or reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the Protected Material otherwise becomes publicly known and readily available other than as a result of a non-Designating Party's disclosure.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. A Designating Party must reasonably limit designating Disclosure or Discovery Material as Protected Material using the appropriate standards in this Order. A Designating Party must take care to designate for protection only those parts of any Disclosure or Discovery Material that qualify as such under this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify as Protected Material, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the designation. In that event, the Designating Party will provide new copies of any such documents without the designations.

The Parties have previously produced documents, which have been blanketly designated as CONFIDENTIAL, though each document did not have a specific designation as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," with the understanding that each party reserves the right to specifically designate each document as either "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" once a mutually

agreeable Stipulated Protective Order is prepared and executed. Accordingly, the Parties hereby stipulate to designate all documents to be produced, and the Parties further stipulate that all documents previously produced be reviewed by the producing party, and identify each document as to the proper confidential designation within twenty-one (21) days of the fully executed Stipulation re Proposed Protective Order.

   5.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page that contains protected material.

   (b) for testimony given in deposition, that the Party or non-party offering the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that offers or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days from receipt of the transcript to identify the specific portions of the

testimony that qualify for protection. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by this Order.

Transcript pages containing Protected Material, including Exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be separately bound by the court reporter, who must affix to each such page with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as instructed by the Designating Party.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or if not practicable that the Producing Party identify the protected portions in the transmittal letter with the production of the information or items. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions. Whenever a Receiving Party reduces to hard copy or paper form Protected Material, such party shall mark such hard copy or paper form with the designation indicated on the container or in the transmittal letter in or by which the material was sent.

5.3 Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," including deposition testimony that was not designated on the record at the time of deposition, does not,

standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. At a minimum, this includes promptly returning the non-designated Protected Material to the Producing Party upon receipt of the corresponding designated Protected Material.

6.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's designation under this Order is necessary to avoid foreseeable substantial unfairness, unnecessary and substantial economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Dispute Mechanism. In the event of a dispute regarding the designation of confidential information or access to confidential information, the parties shall strictly follow the procedure for seeking judicial intervention for discovery disputes set forth in Local Rule 37, in addition to Local Rule 7.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to adhere to the Designating Party's designation under this Order.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeal, and not for any other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, including all appeals, a Receiving Party must comply with the provisions of Section 11 (Final Disposition).

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     The parties in this action;

(b)     The Receiving Party's Counsel who have signed Exhibit A or this stipulation, as well as employees of the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and their employees to whom it is reasonably necessary to disclose the information for this litigation;

(d)     The Court and its personnel (the Protected Material is to be filed under seal unless the Designating Party agrees that it does not need to be);

(e)     Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation (Counsel shall instruct them

not to disclose any Protected Material to anyone other than to counsel for the parties to this litigation);

   (f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) unless the witness is hostile to the examining counsel and refuses to sign, in which case no signature will be necessary. Pages of a deposition transcript that contain testimony or exhibits that have been designated Confidential must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

   (g) The author of the document or the original source of the information; and

   (h) Any other person to whom the Designating Party agrees in writing.

   (i) Anyone lawfully in possession of the Information or Items.

  7.3 Disclosure of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL-ATTORNEYS' EYES ONLY only to the persons identified in paragraphs 7.2(b)-(i) above.

  8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-

ATTORNEYS' EYES ONLY," the Receiving Party must promptly notify the Designating Party by fax and email and in no event more than five (5) court days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The Receiving Party shall not produce the Protected Material until legally required to do so, and shall take reasonable or readily available precautions to limit the number of non-parties and individuals to whom production of the Protected Material is made, including, but not limited to, availing the Protected Material of the protections of any protective order in place in the other litigation, which does not require the Receiving Party to incur a material expense or burden. Should it become necessary to move for a protective order, it shall be the Designating Party's burden to do so.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the contents of the unauthorized disclosures and to whom they were made, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request that such person or persons execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A if such person or persons is/are unwilling to return the Protected Material; and (e) promptly take reasonable necessary steps to withdraw from the court file and replace, and retrieve served copies of, any pleading or portions of a pleading containing, referencing or attaching Protected Material.

## 10. FILING PROTECTED MATERIAL

A party or non-party who desires to file Protected Material in support of any filing with the United States District Court for the Central District of California shall follow the procedures proscribed by the United States District Court for the Central District of California. If Protected Material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers—or the confidential portion thereof—under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## 11. FINAL DISPOSITION OF PROTECTED MATERIAL

Unless otherwise ordered or agreed in writing by the Designating Party, within sixty (60) days after the final termination of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material, at the Producing Party's option. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, etc. of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, etc. of the Protected Material except as hereafter provided. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall remain subject to this Order as set forth in Section 4 (Duration).

12. **VIOLATIONS SANCTIONABLE**

All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation may be subject to sanctions as the court may deem appropriate.

13. **MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek modification of this Order by the Court in the future or relief from this Order in the interest of justice.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object, on any ground, to use in evidence of any of the material covered by this Order.

**IT IS SO ORDERED.**

DATED: September 19, 2012

_____
HON. JAY C. GANDHI
United States Magistrate Judge